ROBERT S. BREWER, JR.
United States Attorney
AARON P. ARNZEN (CA Bar No. 218272)
ANDREW J. GALVIN (CA Bar No. 261925)
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8384 / 9721
Email: Aaron.Arnzen@usdoj.gov / Andrew.Galvin@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GANNON GIGUIERE,<br>OLIVER-BARRET LINDSAY,<br>ANDREW HACKETT,<br>KEVIN GILLESPIE, and<br>ANNETTA BUDHU,<br><br>　　　　Defendants. | Case No. 18CV1530-WQH-JLB<br><br>**UNITED STATES' STATUS REPORT REGARDING PARALLEL CRIMINAL PROCEEDINGS**<br><br>Court: 13B (Carter/Keep)<br>Judge: Hon. William Q. Hayes |

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Aaron P. Arnzen and Andrew J. Galvin, Assistant United States Attorneys, and hereby submits its Status Report regarding parallel criminal proceedings pursuant to this Court's October 24, 2018 Order.

## I.　　BACKGROUND

The United States Attorney's Office and the SEC conducted parallel investigations focusing on pump-and-dump securities fraud schemes. On July 6, 2018, indictments involving three of these schemes were unsealed in this district. In *United States v. Giguiere, et al.*, Defendants Gannon Giguiere and Oliver Lindsay were charged with conspiracy and securities fraud in relation to their participation in pump-and-dump schemes involving

Kelvin Medical Corp. (stock ticker: KVMD) and Eco Science Solutions, Inc. (stock ticker: ESSI). *See* S.D. Cal. Case No. 18CR3071-WQH. Similarly, in *United States v. Hackett, et al.*, Andrew Hackett, Vikram Khanna, Kuldeep Sidhu, Annetta Budhu, and Kevin Gillespie were charged with conspiracy and securities fraud in relation to their participation in a pump-and-dump involving Arias Intel Corp (stock ticker: ASNT). *See* S.D. Cal. Case No. 18CR3072-DMS. The same day, the plaintiff in the captioned case, the United States Securities and Exchange Commission ("SEC"), filed a civil complaint against Giguiere and Lindsay for the KVMD schemes, and Hackett, Gillespie, and Budhu for the ASNT scheme. On October 24, 2018, this Court granted the United States' motion to intervene and stay the SEC case pending the resolution of the criminal proceedings, and ordered the United States to submit a status report 90 days after the date of the stay order, and every 90 days thereafter until the stay is lifted. (Dkt #44.)

## II.    STATUS OF THE CRIMINAL PROCEEDINGS

In addition to the present SEC action, this Court also presides over *United States v. Giguiere, et al.*, 18CR3071-WQH. Both of the defendants in that case, Gannon Giguiere and Oliver Lindsay, have now signed plea agreements and entered guilty pleas. (Dkt #131, 141.) Giguiere's sentencing hearing is currently calendared for January 11, 2021, and Lindsay's sentencing is calendared for February 1, 2021.

*United States v. Hackett, et al.*, 18CR3072-DMS was assigned to Judge Moskowitz. Judge Moskowitz has transferred the case to Judge Sabraw for trial. Nearly all discovery in that case has been produced. Defendant Khanna lost his life to a terminal illness, and the case against him has been dismissed. (Dkt #119.) Defendant Sidhu pleaded guilty to Count 1 of the indictment against him on September 27, 2018 (Dkt #94); and Defendant Gillespie pleaded guilty to Count 1 of the indictment against him on January 17, 2019. (Dkt #94.) Judge Moskowitz conducted several hearings regarding the parties' *in limine* motions, and ruled on many of them. Subsequently, on September 23, 2020, Judge Sabraw heard

argument, and ruled on, the parties' remaining *in limine* motions. Trial is set to begin on January 11, 2021.

It is the view of the United States that the factors that previously supported a stay of the civil proceedings continue to exist. First, proceeding with the SEC case would force Defendants Hackett and Budhu to choose between setting aside their Fifth Amendment rights, on the one hand, or invoking those rights but then suffering the adverse evidentiary inference such silence often carries in civil litigation. Second, discovery in the SEC case would likely turn into an unfair, one-sided affair – if Defendants Hackett and Budhu invoke their Fifth Amendment rights, they could take affirmative civil discovery but stand silent when the SEC sought answers from them about the their conduct. Third, without a stay, Defendants could avoid the limitations on criminal discovery by using the SEC Case to pursue wide-ranging discovery through, e.g., depositions, interrogatories, and third party subpoenas. Fourth, the SEC case and criminal cases overlap almost entirely in terms of charged conduct, defendants (two additional defendants are charged in the criminal cases but not in the SEC case), witnesses, and evidence; the cases therefore cannot realistically proceed independent of one another. Finally, staying the SEC Case (which seeks injunctions and financial relief) and allowing the criminal cases (in which liberty interests are at stake) to proceed will therefore save the Court, and the parties, significant resources, while allowing for a full vetting of the allegations against Defendants.

DATED: October 9, 2020

Respectfully submitted,

ROBERT S. BREWER
United States Attorney

*/s/Aaron P. Arnzen*
Aaron P. Arnzen
Andrew J. Galvin
Assistant United States Attorneys

3

18CV1530-WQH-JLB