PHILIP A. FORTINO (NY Bar No. 4417986)
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
Telephone: (212) 336-1100
Email: FortinoP@sec.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GANNON GIGUIERE, OLIVER-BARRET LINDSAY, ANDREW HACKETT, KEVIN GILLESPIE, AND ANNETTA BUDHU,<br><br>Defendants. | Case No.: 18cv1530 WQH JLB<br><br>**MOTION FOR LEAVE TO AMEND COMPLAINT AS TO DEFENDANT GANNON GIGUIERE**<br><br>**HEARING DATE: AUGUST 1, 2022**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Motion for Leave to Amend the Complaint solely as to Defendant Gannon Giguiere ("Giguiere"). This is the first time the Commission has sought this relief. Defendants Giguiere and Kevin Gillespie ("Gillespie") have consented to the amendment. The other Defendants—Annetta Budhu, and Andrew Hackett, and ("Hackett"), neither of whom has timely filed an answer, and Oliver Lindsay-Barrett ("Lindsay-Barrett"), as to whom the Court has entered a partial consent judgment—have not provided their positions on the motion.

## POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This motion seeks leave to amend the Complaint (DE 1) through the filing of the proposed First Amended Complaint attached to this motion as Exhibit A. The First Amended Complaint would assert all of the same claims in the original complaint, as well as one additional claim against Giguiere. The additional claim—that Giguiere engaged in unregistered sales of securities in violation of Section 5 of the Securities Act of 1933 ("Securities Act")—would be based on certain of the transactions already alleged in the original Complaint. Giguiere, the only defendant affected by this proposed amendment, consents to this motion. Because the remaining defendants have not taken a position on the motion to date, the Commission is seeking leave of the Court to amend the Complaint in an abundance of caution. *See* Fed. R. Civ. P. 15(a)(2) (providing that a party may amend a pleading prior to trial with the opposing party's written consent or leave of the court).

# II.
# STATEMENT OF FACTS

## A. Procedural History

The Commission filed the Complaint on July 6, 2018. The Complaint alleges a series of fraudulent schemes in which one or more of the Defendants participated. With respect to Giguiere, the Complaint alleges that he participated in a fraudulent pump-and-dump involving the stock of two companies, Kelvin Medical, Inc., ("KVMD") and Eco Science Solutions, Inc. ("ESSI"). In the case of KVMD, the Complaint alleges that Giguiere engaged in pre-arranged, matched trading to artificially manipulate the price of KVMD shares upward. (Compl. ¶ 5.) The Complaint further alleges that Giguiere then promoted KVMD stock to create demand for it, with the intention of dumping a substantial block of stock at the inflated price. (*Id.* ¶ 8.) As to ESSI, the Complaint alleges that Giguiere controlled the company and caused ESSI to issue stock to another entity he controlled in exchange for promoting ESSI stock to investors. (*Id.* ¶¶ 18-19.) The Complaint further alleges that Giguiere subsequently promoted ESSI stock to investors, while secretly liquidating $8.5 million of ESSI stock for himself. (*Id.* ¶ 20.) Giguiere's promotions failed to disclose his stock sales. (*Id.*)

Giguiere and Gillespie answered the Complaint on July 30, 2018, and October 2, 2018, respectively. (DE 12, 42.) Neither Budhu nor Hackett has timely filed an answer to the Complaint.

On August 21, 2018, the United States moved to intervene in and stay the action. (DE 20.) The Court granted the United States' motion on October 24, 2018. (DE 44.) The Court subsequently lifted the stay on June 16, 2022. (DE 76.) On June 22, 2022, the Court entered a consent judgment against Lindsay-Barrett (DE 79), resolving the Commission's claims for injunctive relief against him but leaving open for later resolution its claims for monetary relief.

### B. Proposed Amendment

The Commission proposes to amend the Complaint to add an additional claim against Giguiere relating to certain of the ESSI stock sales. A redline showing the proposed changes to the Complaint is attached to this motion as Exhibit B.

The proposed First Amended Complaint would allege that, in addition to violating the anti-fraud provisions of the securities laws, certain of the ESSI stock sales also violated Section 5 of the Securities Act because they were not made pursuant to an appropriate registration statement filed with the Commission. (Ex. B ¶¶ 154-56.) It would allege that ESSI purportedly issued the shares to Giguiere pursuant to a Form S-8 registration statement in exchange for marketing ESSI's securities to investors. (*Id.* ¶ 20.) The First Amended Complaint would further allege that the Form S-8 registration could not properly be used to issue shares as compensation for marketing the issuer's securities. (*Id.*) Finally, the First Amended Complaint would allege that there was no valid exemption from the registration requirement. (*Id.* ¶ 156.)

## III.

## ARGUMENT

The Court should permit the Commission to file the First Amended Complaint. As noted, Giguiere—the only Defendant affected by the amendment—and Gillespie consent to the amendment, and the remaining Defendants either have not answered the original Complaint or the Commission's claims for liability have been resolved as to that Defendant. To the extent leave of the Court is required, Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). As this Court has observed, undue prejudice is the factor carrying the greatest weight. *Rosenow v. Facebook, Inc.,* No. 19-CV-1297-WQH-MDD, 2020 WL 12754233, at *1–2 (S.D. Cal. Sept. 24, 2020). "Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a)." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981). And the party claiming prejudice bears the burden to establish it. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). In the absence of prejudice or a strong showing of the remaining *Foman* factors, there is a presumption in favor of granting leave to amend. *Rosenow*, 2020 WL 12754233, at *2.

Here, allowing the amendment would not prejudice Giguiere or any of the other parties. Due to the stay, discovery has not yet begun. The proposed amendment would not affect the claims against four of the five defendants and, therefore, could not prejudice them. As to Giguiere, who has consented to the amendment, the proposed amendment would add an additional claim based on transactions already alleged in the original Complaint; thus, the scope of the discovery to be completed would be virtually identical. *See Hurn*, 648 F.2d at 1254 (holding defendants were not prejudiced by added claim since the "operative facts remain the same").

The amendment also would not be futile. In order to plead a violation of Section 5, the Commission need only plead that (1) no registration statement was in effect as to the securities; (2) the defendant directly or indirectly sold or offered to sell securities; and (3) the sale or offer was made through interstate commerce. *SEC v. Phan*, 500 F.3d 895, 902 (9th Cir. 2007). The First Amended Complaint would adequately plead each of these elements. As detailed above, the First Amended Complaint would allege that certain of Giguiere's stock sales violated Section 5

because, although the stock purportedly was issued pursuant to a Form S-8 registration statement, the statement was not effective as to these shares.  (Ex. B ¶ 20.)  The Ninth Circuit has endorsed the Commission's proposed theory of liability that a Form S-8 registration statement may not be relied upon when the shares issued pursuant to the statement are resold by a promoter of the issuer's securities.  *See Phan*, 500 F.3d at 904 (holding that "an S–8 form cannot be used to register a securities transaction in which the issuer or promoter controls or directs a resale or directly or indirectly receives a percentage of the proceeds").

The other *Foman* factors do not apply and thus cannot overcome the presumption in favor of allowing the amendment.  There has been no undue delay, the motion is not being made for any bad-faith purpose, and there have been no prior amendments that failed to cure deficiencies in the Complaint.

### IV.
### CONCLUSION

For the foregoing reasons, the Commission requests that the Court grant it leave to file the First Amended Complaint.

Dated:  June 24, 2022

Respectfully submitted,

/s/ Philip A. Fortino

Philip A. Fortino
Senior Trial Counsel
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION
100 Pearl St., Suite 20-100, New York, NY 10004-2616

On June 24, 2022, I caused to be served the document entitled **MOTION FOR LEAVE TO AMEND COMPLAINT AS TO DEFENDANT GANNON GIGUIERE** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at New York, NY, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at New York, NY, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at New York, NY.

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 24, 2022              s/ Philip A. Fortino
                                 Philip A. Fortino

18cv1530 WQH JLB

*SEC v. Giguiere et al.*

United States District Court—Southern District of California

Case No. 18CV1530 WQH JLB

<u>SERVICE LIST</u>

Miriam G. Bahcall
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

*Counsel for Defendant Gannon Giguiere*

Michael L. Lipman, Esq.
Karen Lehman Alexander, Esq.
Duane Morris LLP
750 B. Street, Suite 2900
San Diego, CA 92101

*Counsel for Defendant Oliver-Barret Lindsay*

Marc Nurik, Esq.
The Law Offices of Marc Nurik
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 9021

Michael Dennis Grahn, Esq.
Law Offices of Michael D. Grahn
1801 Century Park East, 24th Floor
Los Angeles, CA 90067

*Counsel for Defendant Andrew Hackett*

Saul Roffe, Esq.
Law Offices of Saul Roffe, Esq.
52 Homestead Circle
Marlboro Township, NJ 07746

*Counsel for Defendant Kevin Gillespie*

Annetta Budhu
140 Charles St., Apt. 11D
New York, NY 10014-6519

*Pro Se Defendant*