UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GANNON GIGUIERE, ANDREW HACKETT, and ANNETTA BUDHU,<br><br>Defendants. | Case No.:  18-cv-1530-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to Amend the Complaint filed by Plaintiff Securities and Exchange Commission. (ECF No. 81).

On July 6, 2018, Plaintiff filed the Complaint in this action against Defendants Gannon Giguiere, Oliver-Barret Lindsay, Andrew Hackett, Kevin Gillespie, and Annetta Budhu. (ECF No. 1). The Complaint alleges violations of Section 10(b) of the Securities Exchange Act and Rules 10b-5(a) and (c) resulting from Defendants' alleged schemes to "pump and dump" the common stock of three issuers—Kelvin Medical, Inc., Arias Intel Corp., and Eco Science Solutions, Inc. (*Id.* ¶ 11).

On June 24, 2022, Plaintiff filed the Motion for Leave to Amend the Complaint. (ECF No. 81). The motion seeks to amend the Complaint to add a claim against Defendant Giguiere for unregistered sales of securities in violation of Section 5 of the Securities Act of 1933. Plaintiff contends that amendment is proper because "Giguiere, the only defendant affected by this proposed amendment, consents to this motion" and that Plaintiff "is seeking leave of the Court to amend the Complaint in an abundance of caution." (ECF No. 81 at 2). Plaintiff contends that the court should grant leave to amend because "amendment would not prejudice [Defendant] Giguiere or any of the other parties," "amendment would not be futile," and "the other *Foman* factors do not apply." (*Id.* at 5-6).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires."15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Plaintiff has not previously sought to amend its Complaint. Plaintiff asserts that the only Defendant affected by the proposed amendment, Defendant Giguiere, has consented

to amendment. The docket reflects that no parties have opposed Plaintiff's motion. There is no evidence in the record that allowing amendment will prejudice any party or that any of the remaining *Foman* factors apply. The Court finds good cause to grant Plaintiff's Motion for Leave to Amend the Complaint.

IT IS HEREBY ORDERED that the Motion for Leave to Amend the Complaint (ECF No. 81) is granted. Plaintiff shall file the proposed first amended complaint attached to the Motion for Leave to Amend the Complaint (ECF No. 81-1) within ten (10) days of the date of this Order.

Dated: August 4, 2022

Hon. William Q. Hayes
United States District Court