FILED
APR 10 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY GW DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SECURITIES EXCHANGE COMMISSION,

Plaintiff,

vs.

GANNON GIGUIERE, et al.,

Defendants.

Case No.: 18-cv-01530-WQH-JLB

**DEFENDANT'S MOTION TO REOPEN DISCOVERY**

1. Defendant, ANDREW HACKETT, respectfully moves the Court to reopen fact discovery in this matter for the limited purpose of allowing discovery regarding ALEXANDER SMIRNOV, a Confidential Human Resource ("CHS") for the Federal Bureau of Investigations ("FBI") and his involvement with the Defendant in this matter before the Court, including any recorded conversations with the Defendant regarding the relevant "scheme," recorded conversations regarding Michael Forster ("cooperating witness"), recorded conversations with others regarding the Defendant and, or, the relevant "scheme," in addition to any relevant discovery involving Mr. Smirnov's trading activity, and or the his trading activity through the use of nominee accounts of foreign nationals, and any relevant documentation involving BORIS NAYFLISH and his trading activity relevant to the matter before the Court, and any relevant information involving both Mr. Smirnov and Mr. Nayflish and the following individuals: ALEKSANDR D. KOSTROV, DMYTRO FEDORENKO, PAVEL BOCHAROV, LIDIA FOGEL, ANNA TIMAKINA, SPARTAK YADGAROV, MAXIM BASINSKI, AIRAT DAUTOV, OLEKSII V HORIACH, ALEXEY MINDRUL, ANDREI V. MASTILIN.

2. The parties conducted a Mandatory Settlement Conference on March 14, 2024 to discuss the language of the proposed Settlement Agreement and seek assistance from the Court. Fact discovery in this matter closed on October 27, 2023, as amended from the Scheduling Order Deadline of August 16, 2023. On March 24th, 2023, the Defendant became aware of the identity of a former CHR named Mr. Alexander Smirnov, through his indictment in the Central District of California. Case No. 2:24-cr-00091-ODW. The indictment alleges one count of providing false statement to a government agent, 18 U.S.C. §1001, and one count of falsifying records in a federal investigation, 18 U.S.C. §1519. More specifically, the indictment alleges the following: *"...when the Defendant was authorized to engage in illegal activity for investigative purposes, he was further admonished that 'Under no circumstances may the CHS ... Participate in an act that constitutes obstruction of justice (e.g., perjury, witness tampering, witness intimidation, entrapment, or fabrication, alteration, or destruction of evidence, unless such illegal activity has been authorized).' When the Defendant was given this admonishment, he signed an FBI form that contained this statement."* Case No. 2:24-cr-00091-ODW, page 2 of 37.

3. The Defendant engaged in a further investigation into the identity of Mr. Smirnov through the search of various public media sources, including the Washington Post[1] and Associated Press[2] to discover that Mr. Smirnov has been heavily involved in business activites within the stock markets, and is alleged to have fabricated his claims against President Joe Biden. Moreover, he has had several business dealings with an associate Mr. Boris Nayflish[3], whose name has already appeared in discovery turned over to the Defendant in the parallel criminal case to the matter before this Court. Additionally, Mr. Smirnov has several ties to several foreign countries such as Israel, Ukraine, Austria, and Czech Republic, among others. Upon the Defendant's review of the Commission's trading data for the relevant stock to this matter, several individuals are listed trading the relevant

---

[1] https://www.washingtonpost.com/politics/2024/03/09/alexander-smirnov-fbi-biden-impeachment/

[2] https://apnews.com/article/hunter-biden-fbi-informant-smirnov-ukraine-impeachment-113c1104052dbdc9302606f6d42c9939

[3] https://www.theguardian.com/us-news/2024/mar/14/company-paying-fbi-informant-trump-connections

stock from brokerage accounts located in these foreign countries during the relevant time period.

4. Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 16, motions to reopen discovery are granted or denied at the sound discretion of the district court. *See United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995). Courts have considered several factors in reviewing motions to reopen discovery, such as whether trial is imminent, whether the request is opposed, whether the non-moving party would be prejudiced and whether the moving party was diligent in obtaining discovery within the guidelines established by the court, the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). While no one factor is necessarily dispositive, the Ninth Circuit has instructed that the primary focus should be on whether the party seeking to reopen discovery has acted diligently. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

5. The Defendant met and conferred with the Plaintiff Commission on March 28, 2024 to discuss reopening fact discovery for the limited purpose of inquiring into any available relevant information relatating to Mr. Smirnov and the Commission's claim against the Defendant. Moreover, the Defendant has only recently become aware of Mr. Smirnov within the past week, and had no such knowledge during the discovery period of this matter. The Defendant submits a good faith belief that Mr. Smirnov has had involvement in the present action before the Court, including the potential trading of the relevant stock "HVST" and "ASNT" by either Mr. Smirnov himself, or by one or more of his associates, recorded conversations with or about the cooperating witness and/or the Defendant. There is good cause for the reopening of discovery for limited purposes, as the Defendant should be entitled to pursue such fact discovery that is highly relevant to the Defendant's defense.

6. In light of the new information, the Defendant respectfully moves the Court to reopen discovery for the limited purpose of obtaining relevant discovery pertaining to Mr. Smirnov and Mr. Nayflish regarding the relevant "scheme," any of their conversations with others regarding the former, and the other individuals listed previously trading the relevant stock from the relevant foreign brokerage accounts.

Dated: April 10, 2024

/s/ Andrew Hackett

Andrew Hackett (*pro se)*

Defendant

Email: andrewyge@gmail.com