CHRISTOPHER J. DUNNIGAN (NYS Bar No. 3054525)
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
Telephone: (212) 336-1100
Email: dunnigancj@sec.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GANNON GIGUIERE, OLIVER-BARRET LINDSAY, ANDREW HACKETT, KEVIN GILLESPIE, AND ANNETTA BUDHU,

Defendants.

Case No.: 18-cv.-1530-H-JLB

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ANDREW HACKETT'S MOTION TO RE-OPEN DISCOVERY**

Plaintiff Securities and Exchange Commission ("Commission" or "SEC") respectfully submits this Memorandum of Points and Authorities in Opposition to Defendant Andrew Hackett's ("Hackett") Motion to Re-Open Discovery (Dkt. No. 193) (the "Motion"). For the reasons set forth below, the Motion should be denied.

**I. Relevant Background.**

The Commission filed its initial Complaint on July 6, 2018 (Dkt. No. 1) and its Second Amended Complaint on April 7, 2023, alleging violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5(a) and 10b-5(c) thereunder as to Hackett. (Dkt. No. 136.) On July 6, 2018, Hackett was also charged in a parallel criminal matter captioned *United States v. Hackett*, 18-cr.-3072 (S.D. Cal.) (BTM) (the "Criminal Case"). The charges in both this action and the Criminal Case concern Hackett's involvement in a scheme to manipulate the market for Arias Intel Corp. ("ASNT") stock.

Broadly speaking, the Commission's allegations are that: (1) Hackett misrepresented to ASNT's transfer agent that he was not in possession of material, non-public information about the company, when in fact he knew that he and others were planning an illegal pump-and-dump of the stock; and (2) Hackett attempted to engage in a match-trading scheme in order to artificially increase the price of ASNT's stock. (Dkt. No. 136, ¶¶ 79-80, 83, 93, 96-110.)

On August 2, 2021, a jury in the Criminal Case found Hackett guilty of one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, and one count of securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff. In June 2022, Hackett was sentenced to 46 months' incarceration.

On June 16, 2022, the Court lifted a stay of this action that it had previously entered pending resolution of the Criminal Case. (Dkt. No. 76.)

On November 7, 2022, the Commission made its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26. (Declaration of Christopher J. Dunnigan, executed April 22, 2024 ("Dunnigan Decl."), ¶ 2.) Pursuant to Rule 26, the Commission's Initial Disclosures identified individuals likely to have discoverable information that the Commission may use to support its claims in this action, as well as a description by category of documents that the Commission may use to support its claims in this action.

On August 21, 2023, in response to Hackett's request to extend discovery and the Commission's request for a deposition of Hackett while incarcerated, the Court extended discovery to October 27, 2023. (Dkt. No. 151.) The Court declined to extend discovery past this date as Hackett had not explained why the additional discovery he sought to conduct was necessary and to what extent he had been diligent in conducting discovery within the deadline set by the Court. (*Id*., pg. 3.) Despite the Court granting his requested extension, Hackett did not issue any discovery requests.

During the Commission's deposition of Hackett on October 26, 2023, Commission counsel asked Hackett, in reference to the Initial Disclosures, "You don't have any problems with the SEC's discovery, right?" Hackett answered, "From what I got from SEC was fair. There's a few things I would ask for later. From what you guys did, I respect that." (Dunnigan Decl. Ex. A.)

Pursuant to the Court's scheduling order, and as Hackett was aware, discovery concluded on October 27, 2023. (Dkt. No. 151.)

Following the close of discovery, the parties engaged in three mediation conferences with Magistrate Judge Burkhardt. On December 21, 2023, the Commission notified the Court that the Commission staff was seeking approval from the Commission of settlement terms that the staff had negotiated with Hackett. (Dkt. No. 168.)

On March 25, 2024, approximately five months following the close of discovery, Hackett requested documents from the Commission (Dunnigan Decl. Ex. B.) In explaining his rationale, Hackett referenced the Criminal Case, stating, in part, "[t]he Government provided several calls recorded by its confidential informant (Michael Forster) involving myself, and two other individuals, one of which being a Russian man named 'Alex.' It has been brought to my attention that this man is Alexander Smirnov, a separate confidential informant for the Government . . . . Any information involving Mr. Smirnov should have already been turned over to me by

the [G]overnment . . . . Therefore, please work with the DOJ to get the documents I am owed." (*Id.*)

The Commission did not consent to Hackett's request, and the Hackett filed the instant Motion on April 10, 2024.[1] (Dkt. No. 193.)

In the event that Hackett withdraws his consent to the settlement terms that he negotiated with Commission staff, the Commission intends to move for summary judgment on collateral estoppel grounds given Hackett's securities fraud conviction in the Criminal Case.

## II. The Pending Motion.

Hackett's Motion seeks to re-open discovery as to Smirnov, Boris Nayflish, and 11 other individuals. The Commission's Initial Disclosures do not identify any of these 13 individuals as likely to have discoverable information that the Commission may use to support its claims. (Dunnigan Decl. ¶ 2.)

Hackett argues that Smirnov has publicly surfaced as a Confidential Human Source ("CHS") for the Federal Bureau of Investigation in various matters. Hackett asserts that he has a:

> "good faith belief that Mr. Smirnov has had involvement in the present action before the Court, including the potential trading of the relevant stock 'HVST' and 'ASNT' by either Mr. Smirnov himself, or by one or more of his associates, recorded conversations with or about the cooperating witness and/or the Defendant."

(Motion at ¶ 5.)

---

[1] On April 4, 2024, Hackett's appellate counsel sent a letter to the U.S. Attorney's Office for the Southern District of California (the "USAO"), requesting that the USAO disclose to Hackett any evidence related to Smirnov that may have been subject to disclosure pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Dunnigan Decl. Ex. C.)

Hackett further contends that Nayflish is an "associate" of Smirnov. (*Id*. ¶ 3.) Finally, while Hackett does not explicitly state his reasoning for requesting discovery relating to the 11 other individuals, it appears to relate to "several individuals" being listed in the Commission's trading data as "trading the relevant stock." (*Id*. ¶¶ 1, 3.)

**III. <u>The Court Should Not Re-Open Discovery.</u>**

Hackett's Motion is an untimely and thinly veiled attempt to obtain disclosure that he apparently believes may be relevant to the Criminal Case. But this is not the appropriate forum to litigate whether the Department of Justice "should have . . . turned over" information relating to Smirnov. (Dunnigan Decl. Ex. B.) As noted above, counsel for Hackett is in contact with the Department of Justice regarding this issue. (Dunnigan Decl. Ex. C.) As set forth below, Hackett falls far short of showing the "good cause" required to re-open discovery this action.

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citation and quotations omitted). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end, and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (*citing* Johnson, 975 F.2d at 609). Moreover, it is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." *Id.*

When ruling on a motion to amend a Rule 16 scheduling order to re-open discovery, courts in the Ninth Circuit are instructed to look at the following factors:

(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM North America Corp*., 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, there is no good cause to re-open discovery as to Smirnov or the other individuals identified in the Motion. As an initial matter, discovery has been concluded for approximately five months, and Hackett did not seek to issue a single document request until now despite receiving the Commission's Initial Disclosures more than 17 months ago. Hackett even acknowledged receiving the name of Boris Nayflish, as well as a recorded call with a man named "Alex," as part of discovery in the Criminal Case (*i.e.*, years ago), and yet he did not seek discovery relating to them in this action until now. As such, Hackett cannot demonstrate adequate diligence, and this should end the inquiry.

Moreover, were this matter to proceed to trial, the Commission does not intend to call Smirnov, Nayflish, or any of the other individuals that are the subject of Hackett's Motion as witnesses. Indeed, the Commission did not identify any of these individuals in its Initial Disclosures because the Commission did not – and does not – regard them as "likely to have discoverable information that the Commission may use to support its claims in this action." Nor did Smirnov or the other individuals that are the subject of the Motion produce any documents to the Commission in its investigation of this matter. And while the relevance of these individuals to the Criminal Case is not an issue before this Court, it warrants noting that none of their names appears even once in the transcript of Hackett's criminal trial. (Crim. Dkt. Nos. 341-345.) Accordingly, the likelihood that the requested discovery would lead to relevant evidence is minimal at best, and apart from speculation, Hackett fails to

explain otherwise.

Finally, although trial is not imminent, granting the Motion would delay the resolution of this case and thereby prejudice the Commission, which opposes the Motion. The Commission's Complaint is already more than five years old, and further delaying the Commission's ability to obtain important relief for the benefit of investors is unwarranted.

Accordingly, Hackett has failed to demonstrate good cause to re-open discovery, and the Court should deny the Motion.

Dated: April 22, 2024
New York, New York

/s/ Christopher J. Dunnigan

Christopher J. Dunnigan
Christine Ely
Securities and Exchange Commission
Division of Enforcement
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
E-mail: dunnigancj@sec.gov
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION
100 Pearl St., Suite 20-100, New York, NY 10004-2616
Tel.: (212) 336-0061

On April 22, 2024, I caused to be served the document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ANDREW HACKETT'S MOTION TO RE-OPEN DISCOVERY** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at New York, NY, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at New York, NY, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 22, 2024
New York, New York

/s/ Christopher J. Dunnigan
Christopher J. Dunnigan

***SEC v. Giguiere***

**United States District Court—Southern District of California**

**Case No. 18-cv.-1530-H-JLB**

**<u>SERVICE LIST</u>**

Miriam G. Bahcall, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

***Counsel for Defendant Gannon Giguiere (by E-File)***

Andrew Hackett (andrewgy@gmail.com)

***Defendant pro se (by Electronic Mail)***