**CARLTON F. GUNN**
ATTORNEY AT LAW
1010 North Central Ave., #100
Glendale, California 91202
323-474-6366

April 4, 2024

Mark Rehe
Assistant United States Attorney
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101

re: *United States v. Andrew Hackett*

Dear Mr. Rehe:

While Mr. Hackett's pro se motion for appointment of counsel for a motion for new trial (District Court Dkt. #492) is pending, I am writing on his behalf and on behalf of whatever counsel may end up representing him in the district court. The reason I am writing is to request evidence that is potentially exculpatory and may have been subject to disclosure under Rule 16 of the Federal Rules of Criminal Procedure. It is regarding a man named Alexander Smirnov, who was recently publicly revealed as a long-time FBI informant when he was indicted in connection with false statements made in the Hunter Biden investigation and there was subsequent extensive media coverage.

During the time of the undercover investigation of Mr. Hackett, he had contact with a man using the first name of "Alexander" who had an associate named Nayflish, whom media coverage suggests is an associate of Alexander Smirnov. Based on this, it appears likely that the "Alexander" with whom Mr. Hackett had contact is Alexander Smirnov and it seems reasonable to also infer that he was acting as an informant on behalf of the FBI at the time.

It further seems likely – or at least reasonably possible – that Mr. Smirnov's contacts with Mr. Hackett would have produced either recordings of their conversations – if he had instructions similar to the informant who actually testified in Mr. Hackett's trial – or reports or notes summarizing the conversations. Assuming that is the case, Mr. Hackett would like to have those recordings, reports, or notes. He would be entitled to recordings, reports, or notes even now if they are potentially exculpatory, and he would have been entitled to recordings that were simply "relevant" at the time of trial, under Rule 16(a)(1)(B)(i) of the Federal Rules of Criminal Procedure. Disclosure would also be consistent with what the Supreme Court has described as the prosecution's broader duty "to set the record straight," *Banks v. Dretke*, 540 U.S. 668, 676 (2004).

I am hoping your office will agree to inquire into the existence of evidence such as I describe and either you or some other appropriate AUSA will make the inquiry. Please let me know if that is correct as soon as you can. I am hoping the inquiry can be made promptly because, absent some sort of tolling, the three-year deadline for a motion for new trial based on

newly discovered evidence will run by August 2 of this year.

Thank you for your consideration, and please let me know if you have any questions.

Sincerely,

Carlton F. Gunn