**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.:  18-civ.-1530 (WQH-JLB) |
| Plaintiff, | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* MOTION TO STRIKE DEFENDANT ANDREW HACKETT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DISCOVERY** |
| v. | |
| GANNON GIGUIERE, OLIVER-BARRET LINDSAY, ANDREW HACKETT, KEVIN GILLESPIE, AND ANNETTA BUDHU, | |
| Defendants. | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this *Ex Parte* Motion to Strike Defendant Andrew Hackett's ("Hackett") Reply to Plaintiff's Response in Opposition to Defendant's Motion to Reopen Discovery. (Dkt. No. 215.)

On April 10, 2024, Hackett filed his motion to reopen discovery ("the Motion"). (Dkt. No. 193.) On April 15, 2024, the Judge Hayes issued an Order directing the SEC file a response by April 22, 2024, and that no reply would be permitted. (Dkt. No. 194.) On April 22, 2024, the SEC filed a Memorandum of Points and Authorities in opposition to the Motion. (Dkt. No. 195.) On May 3, 2024 the Judge Burkhardt issued an order setting a May 14, 2024 hearing date for the Motion. (Dkt. No. 200.) The hearing was held on that date, and Judge Burkhardt subsequently issued an Order directing: (i) Hackett to file a supplemental brief on May 15, 2024 for the limited purpose of identifying specific proposed written discovery requests and addressing their relevance to the instant action; and (ii) the SEC to respond by May 17, 2024. (Dkt. No. 210.) Both parties did so. (Dkt. Nos. 212-213.)  The Court at no point vacated the April 22, 2024 Order prohibiting the filing of a general reply brief.

Notwithstanding the Court's April 22, 2024 Order and the absence of permission to file a general reply brief, on May 20, 2024, Hackett filed an additional brief, which includes new arguments and references to entities previously unaddressed by any of the prior briefing. (Dkt. No. 215.) This brief is not permitted pursuant to the pertinent scheduling orders of the Court. (Dkt. Nos. 194 & 210.) The SEC emailed Hackett on May 21, 2024, requesting that he withdraw the filing, but has not received a response.

The SEC does not address herein the new arguments raised in the May 20, 2024 brief (Dkt. No. 215), but believes they are meritless and is prepared to do so if the Court so directs.

Dated: May 22, 2024

/s/ Christopher J. Dunnigan

Christopher J. Dunnigan
Securities and Exchange Commission
Division of Enforcement
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
E-mail: dunnigancj@sec.gov
*Attorney for Plaintiff*
*Securities and Exchange Commission*

## **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

> U.S. SECURITIES AND EXCHANGE COMMISSION
> 100 Pearl St., Suite 20-100, New York, NY 10004-2616
> Tel.: (212) 336-0061

On May 22, 2024, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* MOTION TO STRIKE DEFENDANT ANDREW HACKETT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DISCOVERY** on the parties to this action addressed as stated on the attached service list:

☐  **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐  **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at New York, NY, with first class postage thereon fully prepaid.

☐  **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at New York, NY, with Express Mail postage paid.

☐  **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐  **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at New York, NY.

☒  **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒  **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐  **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 22, 2024
New York, New York

/s/ Christopher J. Dunnigan
Christopher J. Dunnigan

*SEC v. Giguiere*

**United States District Court—Southern District of California**

**Case No. 18-civ.-1530 WQH JLB**

**SERVICE LIST**

Miriam G. Bahcall, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

***Counsel for Defendant Gannon Giguiere (by E-File)***

Andrew Hackett

***Defendant pro se (by email)***