UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GANNON GIGUIERE; OLIVER-BARRET LINDSAY; ANDREW HACKETT, KEVIN GILLESPIE; and ANNETTA BUDHU,<br><br>　　　　　　　　　Defendants. | Case No.:  18-cv-1530-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the crossclaims asserted by Defendant Andrew Hackett ("Hackett") against Defendants Kevin Gillespie and Annetta Budhu (ECF No. 144) and the "Defendant's Showing of Cause for Failure to Prosecute and Motion for Entry of Default Judgment Against Defendants Gillespie and Budhu" (the "Motion Showing Cause and Requesting Default Judgment") (ECF No. 248) filed by Hackett.

## I.   PROCEDURAL BACKGROUND

On July 6, 2018, the Securities and Exchange Commission ("SEC") filed a Complaint against Defendants Gannon Giguiere, Oliver-Barret Lindsay, Andrew Hackett,

Kevin Gillespie ("Gillespie"), and Annetta Budhu ("Budhu") (collectively, "Defendants") alleging federal securities laws violations. (ECF No. 1.)[1]

As relevant here, on July 12, 2022, the Court issued final judgment, pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"), in favor of the Securities and Exchange Commission and against Gillespie. (ECF No. 89.) On January 30, 2023, the Court issued final judgment, pursuant to Rule 54(b), in favor of the Securities and Exchange Commission and against Budhu. (ECF No. 126.)

On April 7, 2023, the SEC filed the operative Second Amended Complaint ("SAC"). (ECF No. 136.) On June 15, 2023, Hackett filed an Answer to the SAC and asserted crossclaims against Budhu and Gillespie. (ECF No. 144.)

On July 25, 2024, the SEC filed a Motion for Summary Judgment as to Defendant Andrew Hackett (the "Motion for Summary Judgment"). (ECF No. 229.)

On November 18, 2024, the Court issued an Order granting the SEC's Motion for Summary Judgment as to Hackett and ordering Hackett to show cause as to "why his crossclaims should not be dismissed for failure to prosecute and because there no longer appears to be a case or controversy with respect to the cross claims." (*See* ECF No. 244 at 15–16.)

On December 9, 2024, Hackett filed the Motion Showing Cause and Requesting Default Judgment. (ECF No. 248.)

## II.   DISCUSSION

A crossclaim is a claim asserted by one party against a coparty in the same litigation. Federal Rule of Civil Procedure 13(g) governs the assertion of crossclaims, such as Hackett's crossclaims against Gillespie and Budhu. It states:

> [a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any

---

[1] Final judgments have been issued against all defendants except Hackett.

> property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

Fed. R. Civ. P. 13(g). "By its terms, Rule 13(g) requires the cross-claimant to be a party to the lawsuit at the time the cross-claim is asserted." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 242 (5th Cir. 2009) (finding that a cross-claimant could not bring claims under Rule 13(g) against a co-defendant who "had already been dismissed from the suit"). In this case, the Court issued final judgments against both Gillespie and Budhu before Hackett asserted his crossclaims against them. Gillespie's final judgment was entered on July 12, 2022 (*see* ECF No. 89), and Budhu's final judgment was entered on January 30, 2023 (*see* ECF No. 126). Hackett did not assert his crossclaims until June 15, 2023. (*See* ECF No. 144.) Therefore, the Court finds that "a cross-claim under Rule 13(g) was no longer an available mechanism for asserting" Hackett's claims against either Gillespie or Budhu. *Ambraco, Inc.*, 570 F.3d at 242.

### III.    CONCLUSION

IT IS HEREBY ORDERED that Hackett's crossclaims against Gillespie and Budhu are dismissed. The Clerk of the Court dismisses Hackett's crossclaims against Gillespie and Budhu. This ruling is without prejudice to Hackett's right to file a new action against Gillespie and Budhu.

Dated: January 8, 2025

Hon. William Q. Hayes
United States District Court